**UNITED STATES DISTRICT COURT**
**OF NEW JERSEY**
---------------------------------------------------X
DAVID BENPORAT,

                Plaintiff,                              **COMPLAINT**

   -against-                                         Plaintiff Demands a
                                                                             Trial by Jury

TDK-LAMBDA AMERICAS INC.,

                Defendant.
---------------------------------------------------X

Plaintiff, DAVID BENPORAT (hereinafter referred to as "BENPORAT" or "Plaintiff"), by and through his attorneys, DEREK SMITH LAW GROUP PLLC, hereby complains of Defendant TDK-LAMBDA AMERICAS INC. (hereinafter referred to as "Defendant") upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff BENPORAT complains pursuant to the Age Discrimination in Employment Act Act 29 U.S.C. § 623 ("ADEA") and New Jersey State Law (NJLAD), and seeks damages to redress the injuries Plaintiff suffered as a result of age discrimination.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over the ADEA claim pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the related New Jersey State law causes of action asserted in this complaint pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1331 (b) because the events or omissions which gave rise to the claims asserted herein occurred within this Court's jurisdiction.

5. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## PARTIES

6. At all times material, Plaintiff DAVID BENPORAT ("BENOPORAT" or "Plaintiff") was and is an individual male over the age of 40 residing in the State of California, Orange County.

7. At all times material, Defendant TDK-LAMBDA AMERICAS INC. ("Defendant") was and is a domestic profit corporation, duly existing by the virtue and laws of the State of New Jersey.

8. At all times material, Defendant's Manager Praveen Desireddy ("DESIREDDY") was and is an individual male responsible for hiring some of Defendant's new employees.

## STATEMENT OF FACTS

9. On or about July 1, 2020, Plaintiff applied for Defendant's HV Design Engineer role.

10. On or about July 23, 2020, Defendant interviewed Plaintiff. During this initial interview, Defendant's managers provided positive feedback, telling Plaintiff he was "very good" and answered all their questions correctly.

11. Thereafter, on or about July 27, 2020, Defendant invited Plaintiff for a second interview via Skype Video Conferencing.

12. On or about July 28, 2020, DESIREDDY interviewed Plaintiff.

13. DESIREDDY logged onto the Skype interview 25 minutes late.

14. On or about July 30, 2020, DESIREDDY interviewed Plaintiff again via Skype.

15. This time, DESIREDDY logged onto the Skype interview 46 minutes later than scheduled.

16. During the interview, DESIREDDY told Plaintiff "**I looked at your LinkedIn page. Why do you want to continue to work?**" Plaintiff was thrown off by the question and immediately was self-conscious about his age.

17. DESIREDDY then continued, "**Most people at your age retired a long time ago**." Plaintiff again was discouraged by DESIREDDY's comments.

18. Thereafter, DESIREDDY described Defendant's employees and the prospective team Plaintiff would be a part of by stating "**We have a young and energetic team that is working overtime**," as if to discourage Plaintiff's application.

19. Plaintiff assured DESIREDDY that he is energetic and excited about working for Defendant.

20. DESIREDDY began to ask aggressive questions in an attempt to discredit Plaintiff and undermined Plaintiff's stellar credentials. DESIREDDY's questions included detailed questions on very specific subjects that were not part of Defendant's job description. Plaintiff was still able to answer.

21. Thereafter, on or about August 2, 2020, Plaintiff wrote a follow-up email to DESIREDDY regarding the vacant position.

22. Thereafter, about two weeks later, Plaintiff sent another follow-up email to DESIREDDY.

23. DESIREDDY never emailed Plaintiff back.

24. Thereafter, Defendant failed to offer Plaintiff the position.

25. Defendant have failed to contact Plaintiff whatsoever regarding the position.

26. Defendant failed to offer Plaintiff the position because of Plaintiff's age.

27. Defendant subjected Plaintiff to adverse employment actions because of his protected characteristics.

28. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer from severe emotional distress.

29. Because of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, bonuses, benefits, and other compensation which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

30. As Defendant's conduct has been malicious, willful, outrageous and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

31. The above are just some of the examples of the unlawful employment practices that Defendant subjected Plaintiff to.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER ADEA

32. Plaintiff repeats and realleges each and every allegation made in the above paragraph of this complaint.

33. This claim is authorized and instituted pursuant to the provisions of the Age Discrimination in Employment Act 29 U.S.C. § 623(a), for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant's violation of ADEA's prohibition against discrimination in employment based, in whole, upon an employee's age.

34. The statute provides in relevant part: " It shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

35. The Defendant engaged in unlawful employment practices prohibited by 29 U.S.C. § 623(a), by discriminating against Plaintiff and failing to hire Plaintiff because of his age.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW JERSEY STATE LAW

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully length.

37. New Jersey Law Against Discrimination ("LAD") (N.J. Stat. Ann. § 10:5-12) provides that "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:… For an employer, because of the race creed, color, national origin, nationality, ancestry, age, sex …to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

38. Defendant violated the section cited herein by discriminating against the Plaintiff because of Plaintiff's age.

## AS A THIRD CAUSE OF ACTION FOR
## AIDING & ABETTING UNDER
## NEW JERSEY STATE LAW

39. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

40. New Jersey LAS (N.J. Stat. Ann. § 10:5-12 (e)) provides that it shall be unlawful for "any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or attempt to do so."

41. Defendant violated the section cited herein as set forth.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant for all available damages including but not limited to emotional distress, lost wages, back pay, front pay, punitive damages, statutory damages, attorneys' fees, costs, medical expenses, interest and all other damages as are just and proper to remedy Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated:    New York, NY
          August 30, 2021

                              Respectfully Submitted,

                              **DEREK SMITH LAW GROUP, PLLC**

                              */s/ Alexander G. Cabeceiras*
                              Alexander G. Cabeceiras, Esq.